CITY NEWS CENTER, INC., Petitioner,

v.

Dale CARSON et al., Defendants.

No. 69-268-Civ-J.

United States District Court
M. D. Florida,
Jacksonville Division.

April 17, 1969.

Norman J. Abood, Jacksonville, Fla., Robert Eugene Smith, Towson, Md., for petitioner.

David U. Tumin, James Harrison, Asst. Counsel, Jacksonville, Fla., for defendants.

## ORDER

WILLIAM A. McRAE, Jr., District Judge.

A hearing on Petitioner's Motion for a Temporary Restraining Order in the above entitled cause was held on April 16, 1969. It appears from the allegations of the verified complaint, which are not disputed by Defendants, and the testimony given at the hearing, that on or about April 10, 1969, police officers under the direction of Defendants entered Petitioner's store and subsequently purchased two cellophane-wrapped publications displayed for sale, entitled "The Male Swinger" and "Photo Field Trip." After removing the wrappers, the officers summarily perused the contents and advised the manager of Petitioner that they intended to arrest the clerk on duty from whom they had obtained the magazines. Then, upon a signal from the officers inside the store, nine additional police officers, who had been stationed outside, entered the store and began removing magazines from the display shelves. After summary determinations, certain seizures were made. Approximately 103 titles, numbering more than 900 volumes, were seized, as well as twelve coin operated amusement machines containing film for display. The police officers were accompanied by approximately four prisoners from the local jail and two trucks to haul away the seized materials. The police officers were also accompanied by several newspaper reporters and television cameramen who were permitted to enter the store at the time of the seizures.

It is undisputed that no warrant had been issued authorizing the seizures, and that no adversary proceeding on the issue of obscenity had been conducted before the seizures were made. The procedures employed were, therefore, constitutionally defective. Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964); Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961).

As the possibility of a violation of a substantial constitutional right has been shown, and a showing of irreparable harm has been made, the temporary restraining order will issue.

By this ruling, the court suggests no opinion with reference to the merits of the question of obscenity, but merely preserves the status quo until a hearing can be held on the propriety of a preliminary injunction. This order furthermore leaves open the possibility of future criminal prosecution based upon lawful seizures.

It is, upon consideration,

Ordered:

1. The Defendants, their agents, servants, employees or attorneys are restrained from seizing books, magazines, newspapers or other publications, as well as movie films and machines used to project them, and other items of personal property, belonging to Petitioner, or from engaging in any conduct which might interfere with the Petitioner, its agents, servants or employees in keeping for sale or selling books, magazines, newspapers or other publications or keeping coin operated amusement machines for viewing, without first holding, after due notice, a judicially supervised adversary hearing on the issue of the obscenity of any materials sought to be condemned.

2. Defendants, their agents, servants, employees and attorneys are restrained from prosecuting Petitioner, its agents, servants, or employees, for alleged criminal or municipal violations growing out of the events of April 10, 1969, pending the hearing and determination of the Motion for Preliminary Injunction.

3. The present order shall become effective upon the posting by Petitioner of a bond in the amount of $500.00.