**CENTRAL AGENCY, INC., Plaintiff,**

v.

**I. W. BROWN, John Bennett, Hinson McAuliffe and Lewis R. Slaton, Defendants.**

**Civ. A. No. 13023.**

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 26, 1969.

Heiskell, Donelson, Adams, Williams & Wall, Memphis, Tenn., Arnall, Golden & Gregory, Atlanta, Ga., for plaintiff.

John Tye Ferguson, Lewis R. Slaton, Atlanta, Georgia, for defendants.

ORDER

ALBERT J. HENDERSON, Jr., District Judge.

A hearing was held on plaintiff's request for an interlocutory injunction. Upon agreement of the parties, the court will treat this hearing as a final hearing, relieving defendants of the necessity of filing defensive pleadings. Such lack of defensive pleadings is not to be construed as an admission by defendants of the allegations of plaintiff's petition.

At the hearing the parties stipulated to certain facts. The plaintiff, Central Agency, Inc., operates a motion picture theatre at 104 Whitehall Street, SW, Atlanta, Fulton County, Georgia. The defendants are the District Attorney of the Atlanta Judicial Circuit, the Solicitor of the Criminal Court of Fulton County, and investigators in the Solicitor's office. On August 13, 1969, the defendants seized the film, "The Yellow Bird", at the Central Theatre, which is operated by the plaintiff. Seizure was made pursuant to a search warrant issued by the Superior Court of Fulton County that same day. Defendants contend the film was seized for the purpose of exhibiting it to the Grand Jury of Fulton County to secure indictments against all persons or corporations responsible for the exhibition of "The Yellow Bird" to the public in Fulton County. The film was seized and the search warrant issued without any prior adversary judicial hearing, and without any prior adversary judicial hearing to determine whether or not the film was obscene within the provisions of Georgia Code Annotated, Section 26–2101.

■ At issue is whether the Constitution required an adversary hearing to determine the question of obscenity before the film could be seized. If the film was seized in violation of the First, Fourth and Fourteenth Amendments, it may not be used to secure indictments against the plaintiff. Neither the constitutionality of Georgia's obscenity statute nor the obscenity of "The Yellow Bird" are at issue in this order.

■■ The Court reads the principal case in this area, A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964), to require a prior adversary judicial hearing. Such hearing, designed to focus searchingly on the question of obscenity, must be held before the State may seize any motion picture film. Citizens are guaranteed freedom of expression by the First Amendment. While this freedom does not extend to obscenity, Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), "State regulation of obscenity must 'conform to procedures that will ensure against the curtailment of constitutionally protected expression, which is often separated from obscenity only by a dim and uncertain line.' " Books, 378 U.S. at 210, 84 S.Ct. at 1726, quoting Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 66, 83 S.Ct. 631, 9 L.Ed. 2d 584, 590 (1963). The seizure of "The Yellow Bird" was constitutionally deficient because it lacked safeguards to prevent the suppression of non-obscene materials. Authority for this result is found in several recent Court of Appeals and Three-Judge District Court decisions. Tyrone, Inc. v. Wilkinson, 410 F. 2d 639 (4th Cir. 1969); Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968); Fontaine v. Dial, 303 F.Supp. 436 (W.D. Tex. filed August 5, 1969); and Delta Book Distributors, Inc. v. Cronvich, 304 F.Supp. 662 (E.D.La., filed July 14, 1969).

This order should not be misread. Let no one infer that this court seeks to impede responsible and vigorous state action designed to check the flow of obscenity in our society. The court, as well as the public, is aware of the needs in this area. But as the end does not justify the means, here basic constitutional rights may not be trampled under the banner of public morality. If the phrase "law and order" has any meaning, certainly it requires public enforcement officials to operate within the framework of our Constitution.

It is obvious, therefore, that any seizure should be preceded by a state court

finding of obscenity in an adversary judicial hearing.

 In view of this order, the film must be returned to the plaintiff. Because the film was illegally seized, it follows that it may not be used as evidence in any prosecution commenced against the plaintiff based on any prior exhibition of "The Yellow Bird", and the defendants are enjoined from such action. As there is no reason to believe that the defendants will fail to comply with this order in all future actions, no injunction as to possible future activities is necessary at this time.

Accordingly, it is hereby ordered that the film, "The Yellow Bird", be returned to the plaintiff, and that the defendants are enjoined from the use as evidence of said film in any prosecution of the plaintiff resulting from the August 13, 1969, seizure of the film.

It is so ordered.