Irene MASTERS and Malcolm L. Carr, Plaintiffs,

v.

James T. RUSSELL, State Attorney for the Sixth Judicial Circuit of the State of Florida; Don Genung, Sheriff of the County of Pinellas and State of Florida; Charles J. Gallagher, Chief of Police of the City of Maderia Beach, Pinellas County, Florida; and Clifford L. Frye, Chief of Police of the City of Treasure Island, Pinellas County, Florida, Defendants.

Civ. No. 69-377.

United States District Court
M. D. Florida,
Tampa Division.

Sept. 24, 1969.

---

Jay M. Thorpe, of Krassner & Thorpe, Pineallas Park, Fla., for plaintiffs.

Robert W. Holman, of Hammond & Holman, Pinellas Park, Fla., for Clifford L. Frye.

W. Furman Betts, Jr., Madeira Beach, Fla., for Charles J. Gallagher.

James T. Russell, State's Atty., Clearwater, Fla., for James T. Russell and Don Genung.

## PRELIMINARY INJUNCTION

KRENTZMAN, District Judge.

This cause came on for consideration upon the filing by the plaintiffs of their complaint, along with a "Motion for Preliminary Injunction." Essentially, injunctive relief is sought on the allegations of a threat of irreparable harm to the pendency of criminal trials sched-uled in the State courts on the 29th and 30th days of September. Although the pleadings were insufficient for consideration as an application for a temporary restraining order without notice, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court scheduled a hearing. The Court has noted and appreciates the appearances of counsel for all of the defendants in this cause and has given close attention to the arguments and motions made. The following facts have been stipulated and agreed to by counsel and they are found by the Court to be undisputed:

1. That the plaintiffs have been and are now engaged in the sale of magazines, newspapers, books and other publications within this district and are subject to the jurisdiction of this Court.

2. The defendants are all law enforcement officials in this district and are subject to this Court's jurisdiction. Said defendants, in their respective official positions are charged with the responsibility of enforcing various laws and ordinances relating to the subject of obscenity.

3. On April 28, 1969, Patricia Ann Aescht, an agent or employee of the defendant State Attorney, under 18 years of age, purchased two magazines from each of the plaintiffs' business establishments.

4. On May 8, 1969, search warrants for the plaintiffs' places of business were issued by the Civil & Criminal Court of Record for Pinellas County. On May 9, 1969, the warrants were executed and various publications were taken from the plaintiffs. On that date the plaintiffs were also arrested and charged with violations of Fla.Stat. 847.012 (1967), F.S.A. Said charges are based on the sale of the four publications purchased by the State Attorney's Office on April 28, 1969.

5. There has been no adversary judicial proceeding on the determination of whether or not the publications sold or the publications seized pursuant to the

warrants are in fact obscene, or in fact violative of the Florida Statutes.

6. The plaintiffs do not challenge the constitutionality of the Florida Statutes or any regulation enacted by an agency of the State of Florida.

On the basis of the foregoing facts, without making any finding as to whether any of the publications purchased or seized are obscene, it is the Court's determination that the arrests and charges brought against the plaintiffs as a result of the sale of four of the publications, and the seizure of other publications from the plaintiffs, both events being without a prior adversary determination of obscenity, produces irreparable harm or risk of irreparable harm to the plaintiffs.

This order should not be misread. Let no one infer that this Court seeks to impede responsible and vigorous state action designed to check the flow of obscenity in our society. The Court, as well as the public, is aware of the needs in this area. But as the end does not justify the means, here basic constitutional rights may not be trampled under the banner of public morality. If the phrase "law and order" has any meaning, certainly it requires public enforcement officials to operate within the framework of our Constitution. Central Agency, Inc. v. Brown, D.C., 306 F.Supp. 502. It is, therefore,

Ordered and adjudged:

1. That the defendants are restrained from proceeding with the prosecution described in the complaint, and are restrained from making any arrests or seizures, for use as evidence in any prosecution or for the purpose of suppression, of publications believed by them, or any of them, to be in violation of law because obscene, without there having been a prior adversary hearing on a determination of the question of obscenity in accordance with the requirements set out in Marcus v. Search Warrants of Property, etc., 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127; Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed. 809; Delta Books Distributors, Inc. v. Cronvich, 304 F.Supp. 662 (E.D.La.1969); City News Center, Inc. v. Carson, 298 F. Supp. 706 (M.D.Fla.1969).

2. Defendants are restrained from disposing of any of the property seized from the plaintiffs until further order of this Court.

3. This Order shall remain in full force and effect until final hearing.