**Sheldon MANDELL, Petitioner,**

v.

**Dale CARSON in his capacity as Sheriff of Duval County, Florida, James L. Pfeiffer in his capacity as criminal investigator for the City of Jacksonville Police Department and the Duval County Sheriff's Office; and Marion W. Gooding in his capacity as Judge of the Circuit Court of the Fourth Judicial Circuit for Duval County, Florida, Respondents.**

**Civ. No. 69–631.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Oct. 8, 1969.

Samuel S. Jacobson, Datz & Jacobson, Jacksonville, Fla., for petitioner.

William L. Durden, Gen. Counsel, David U. Tumin, Asst. Counsel, and Marion R. Shepard, of Mathews, Osborne & Ehrlich, Jacksonville, Fla., for respondents.

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

WILLIAM A. McRAE, Jr., District Judge.

Hearing was held on petitioner's motion for temporary restraining order in the above entitled cause on October 7, 1969. On the basis of the verified complaint and the representations made at the aforesaid hearing, it is apparent, for the purpose of this order, that petitioner, Sheldon Mandell, is the operator of the Five Points Theater in Jacksonville, Duval County, Florida; that on October 3, 1969, officers representing respondents appeared at petitioner's theater with a search warrant and pursuant thereto seized a 35mm film entitled "Vixen" which was being shown at said theater and had been shown for the preceding five weeks; that said search and seizure was without any prior notice to petitioner and was without any adversary proceeding to determine the obscenity or illegality of said film; and that respondents continue to hold and detain said film and will continue to do so for the indefinite future unless restrained by this Court.

It further appears to the Court that these legal proceedings against petitioner are pursuant to the criminal provisions of Florida Statutes, Section 847.-011, F.S.A., and that the constitutionality of said statute has been attacked in this proceeding by petitioner.

Seizure of petitioner's film may have violated procedures prescribed for restraint of first amendment rights of expression. Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964); Marcus v. Search Warrants, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961); City News Center, Inc. v. Carson, 298 F. Supp. 706 (M.D.Fla. 1969); Felton v. City of Pensacola, 200 So.2d 842 (1st D. C.A., Fla., 1967).

It further appears that petitioner has been restrained from use, possession and display of the film by the seizure and

continued detention of the film, and that a showing of irreparable harm has been made.

By this ruling, this Court suggests no opinion with reference to the merits of the question of obscenity or the constitutionality of § 847.011 Florida Statutes, F.S.A., on its face or as applied, but merely preserves a status quo until a hearing can be held on the merits to determine the propriety of a preliminary injunction. Nor does this order foreclose the respondents from proper criminal prosecution based upon lawful seizures.

As the Honorable Ben Krentzman stated recently in a similar case, this Court would add:

> This order should not be misread. Let no one infer that this Court seeks to impede responsible and vigorous state action designed to check the flow of obscenity in our society. The Court, as well as the public, is aware of the needs in this area. But as the end does not justify the means, here basic constitutional rights may not be trampled under the banner of public morality. If the phrase "law and order" has any meaning, certainly it requires public enforcement officials to operate within the framework of our Constitution. Masters v. Russell, 308 F.Supp. 306 (M.D.Fla., filed Sept. 24, 1969).

Similarly, constitutional rights cannot be overcome by the state's claim in this case that the recently amended Florida immunity statute, Florida Statutes, Section 932.29, F.S.A., would prevent subsequent prosecution if a prior adversary hearing were held. Although the state apparently made a good faith effort to submit a detailed scenario of the film, together with affidavits of those who had viewed the film in its entirety, to a circuit judge acting as a committing magistrate, the state admits that it did not provide the necessary adversary hearing on the question of obscenity required by Marcus v. Search Warrants, *supra, quoted with approval* by the Florida District Court of Appeal in Felton v. City of Pensacola, *supra,* 200 So.2d at 844, and Quantity of Copies of Books v. Kansas, *supra.*

Therefore, it is, upon consideration,

Ordered:

1. Respondents, their agents, servants, employees and representatives are restrained from seizing and detaining the film "Vixen" and are restrained from engaging in any conduct which might interfere with petitioner, his agents, servants, employees or representatives in keeping, possessing and displaying the said film, without first holding, after due notice, a judicially supervised adversary proceeding on the issue of the obscenity of said film, affording petitioner his constitutional guarantees of due process.

2. Respondents, their agents, servants, employees and representatives, are restrained from prosecuting petitioner, his agents, servants, employees or representatives for alleged criminal or municipal violations growing out of the showing of said film on or before October 3, 1969, pending the hearing and determination of the issues raised herein by petitioner's complaint in this Court.

3. Petitioner, his agents, servants, employees and representatives, are hereby restrained from allowing said film to be removed from the jurisdiction of the Circuit Court in and for the Fourth Judicial Circuit of Florida, without leave of this Court based upon a showing that the access of respondents to said film, or a copy thereof, can be preserved and protected for the purpose of any proper legal proceedings.

4. The present order shall become effective upon the posting by petitioner of a bond in the amount of $500.00.

5. The Court, sua sponte, dismisses respondent Judge Marion W. Gooding as an unnecessary party to this suit.