HMH PUBLISHING CO., Inc., a Delaware corporation, and Independent News Co., Inc., a New York corporation, Plaintiffs,

v.

Gordon G. OLDHAM, Jr., State Attorney for the Fifth Judicial Circuit of Florida, Defendant.

No. 69–28–Civ.

United States District Court
M. D. Florida,
Ocala Division.

Oct. 15, 1969.

Jerome J. Bornstein, Bornstein, Petree & Gluckman, Orlando, Fla., for plaintiffs.

Earl Faircloth Atty. Gen., Tallahassee, Fla., for defendant.

## ORDER

SCOTT, District Judge.

This cause came on to be heard on October 14, 1969, upon plaintiffs' motion for temporary restraining order, and the Court has considered the same and has heard and considered the evidence adduced at the evidentiary hearing. The complaint and the evidence presented at the hearing have established the following facts:

1. Plaintiffs are the publisher and distributor of the magazine PLAYBOY. Defendant is the State Attorney for the Fifth Judicial Circuit of Florida.

2. The October 1969 issue of PLAYBOY contains a pictorial and textual review of the Broadway musical play "Oh, Calcutta", at pages 166–171, 242–243. On October 2, 1969, the defendant filed a complaint in the Circuit Court of Lake County, Florida, against plaintiff HMH Publishing Company, Inc., and its agents, captioned "Complaint Under Florida Statutes, Section 60.05, F.S.A. to Enjoin and Abate a Public Nuisance and Under the Provisions of Florida Statutes 847 Prohibiting the Sale or Distribution of Obscene Lewd Magazines to Minors". The complaint alleged that pages 166–171 of the October 1969 issue of PLAYBOY are obscene.

3. On October 2, 1969, without notice to plaintiffs, the defendant applied for

and was granted, by the Circuit Court of Lake County, Florida, an *ex parte* injunction against the plaintiffs, their agents, assigns, news stands or other places of business restraining the sale of the October 1969 issue of PLAYBOY unless pages 166–171 were deleted therefrom and restraining any sale of future issues of PLAYBOY "that portrays illicit sex, immorality, or which is obscene, lewd, lascivious, filthy, indecent, immoral, sadistic or masochistic, or any pictures which arouse lust or passion or manifestly tend to corrupt the morals of youth".

\* \* \*

■ The injunction was applied for and granted without prior notice and without the holding of any prior adversary hearing to determine the obscenity or illegality of the October 1969 issue of PLAYBOY. The cases are legion which hold that a prior adversary hearing must be held and a judicial determination of the question of obscenity must be obtained before law enforcement officers may move to suppress the dissemination of alleged obscene matter. Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964); Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961); Tyrone, Incorporated v. Wilkinson, 410 F.2d 639 (4th Cir. 1969); Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968); Grove Press Inc. v. City of Philadelphia, 300 F.Supp. 281 (E.D.Pa. 1969); City News Center, Inc. v. Carson, 298 F.Supp. 706 (M.D.Fla.1969); Masters v. Russell, 308 F.Supp. 306 (M.D.Fla. 9/24/69); Morrison v. Wilson, No. PCA 2110 (N.D.Fla. 9/5/69); Carter v. Gautier, 305 F.Supp. 1098 (M.D.Ga. 9/15/69); Mandell v. Carson, No. 69–631 Civ.-J (M.D. Fla. 10/8/69); Delta Books Distributors v. Cronvich, 304 F.Supp. 662 (E.D.La. 1969); Felton v. City of Pensacola, 200 So.2d 842 (1st D.C.A.Fla. 1967). This procedure has been adopted because what is obscene and what is not obscene is sometimes separated by a finely drawn line and the Fourteenth Amendment to the United States Constitution requires that regulation by the states of obscenity conform to procedures that will insure against the curtailment of constitutionally protected expression. This does not reflect unfavorably upon law enforcement officers who deserve the support and respect of the public but only points out that the question of obscenity is better left to the judicial officer who is trained in the process of weighing evidence and making legal decisions.

■ This ruling suggests no opinion on the question of the constitutionality of Florida Statutes, Section 847.011(7), F.S.A., under attack here, as that matter is properly for the determination of a three-judge court. This Court has petitioned the Chief Judge of the United States Court of Appeals for the Fifth Circuit to empanel a three-judge court to determine the question of the constitutionality of the statute, in accordance with 28 U.S.C. §§ 2281, 2284. Neither does this Court pass upon the obscenity of the materials in question, nor does this order prevent the suppression of obscenity when determined by constitutional standards and in accordance with appropriate procedural safeguards.

It is, therefore,

Ordered:

1. The injunction against the plaintiffs, granted on October 2, 1969, by the Circuit Court of Lake County, Florida, is hereby vacated and set aside.

2. The defendant, his agents, servants, employees and representatives are restrained from seeking and securing future injunctions against the plaintiffs, their agents, servants, employees, representatives, news stands, and other places keeping, displaying and selling the magazine PLAYBOY, to prevent the sale of said magazine, without first being held, after due notice, a judicially supervised adversary hearing on the question of the obscenity of the magazine. This injunction is based on a specific finding of irreparable damage to the plaintiffs and will remain in effect until the final hearing and determination of

the remaining issues by the three-judge court, in accordance with 28 U.S.C. § 2284(3).

3. The plaintiffs are ordered to post bond in the amount of five hundred dollars ($500.00).