**Henry C. MORRISON and Peachtree News Co., Inc., Plaintiffs,**

v.

**Ray WILSON, Marvin Canova, George Vilardi, et al., Defendants.**

**PCA No. 2110.**

United States District Court
N. D. Florida,
Pensacola Division.

Dec. 5, 1969.

Hugh W. Gibert, Edward L. Greenblatt, Atlanta, Ga., Paul Shimek, Artice L. McGraw, Pensacola, Fla., for plaintiff.

Brooks Taylor, Crestview, Fla., Raymond L. Marky, Asst. Atty. Gen., State of Florida, Tallahassee, Fla., C. LeDon Anchors, Estergren, Fleet, Fortune & Anchors, Fort Walton Beach, Fla., for defendant.

Before CARSWELL, Circuit Judge, and KRENTZMAN and ARNOW, District Judges.

## OPINION AND ORDER

ARNOW, District Judge:

Plaintiffs seek judgment declaring Sec. 847.06, Florida Statutes, F.S.A. unconstitutional both on its face and as applied, an injunction against its enforcement, an order suppressing the

publications seized as evidence, and return of the publications. A three-judge court has been convened, evidence taken at a hearing on motion for preliminary injunction, and preliminary injunction issued.

All evidence the parties desire to present has been taken, the record is complete, and the case has been briefed and argued. It is now ripe for final decision.

This Court has jurisdiction under various statutes, including 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. § 1983. The case is a proper one for a three-judge court under 28 U.S.C.A. §§ 2281, 2284.

The challenged statute, F.S. Sec. 847.-06, F.S.A., reads as follows:

(1) Whoever knowingly transports into the state or within the state for the purpose of sale or distribution, any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, cast, phonograph recording, electrical transcription or other article capable of producing sound or any other matter of indecent or immoral character, shall be fined not more than $500.00 or imprisoned not more than one year in the county jail or both.

(2) The transportation as aforesaid of two or more copies of any publication or two or more of any article of the character described above, or a combined total of five such publications and articles, shall create a presumption that such publications or articles are intended for sale or distribution, but such presumption shall be rebuttable.

(3) When any person is convicted of a violation of this section, the court in its judgment of conviction may, in addition to the penalty prescribed, order the confiscation and disposal of such items described herein which were found in the possession or under the immediate control of such person at the time of his arrest.

The Plaintiff, Henry C. Morrison, is an employee of the Plaintiff, Peachtree News Co., Inc. The Defendant, Ray Wilson, is the Sheriff, and the Defendants Marvin Canova and George Vilardi are Deputy Sheriffs, of Okaloosa County, Florida. These two deputy sheriffs arrested Morrison on two occasions for transporting for sale allegedly obscene publications. The publications were the property of Peachtree News Co., Inc. On each occasion, the arrest was made without the issuance of a warrant and without any prior adversary judicial hearing to determine whether the publications involved were obscene. Defendants have brought criminal charges against Plaintiff Morrison for alleged violation of the aforementioned Florida Statutes, predicated on alleged obscenity of some of the publications seized from him on the two occasions and criminal prosecutions on those charges are now pending in the County Judge's Court of Okaloosa County, Florida. The evidence discloses the dates of the two occasions on which the publications were seized from Morrison by the Defendants to be October 17, 1968, and January 15, 1969.

Plaintiffs contend Section 847.06, Florida Statutes, F.S.A., is unconstitutional on its face.

This contention of Plaintiffs, insofar as it applies to the sub-section of this statute, which is number (2), and which reads as follows:

"(2) The transportation as aforesaid of two or more copies of any publication or two or more of any article of the character described above, or a combined total of five such publications and articles, shall create a presumption that such publications or articles are intended for sale or distribution, but such presumption shall be rebuttable,"

is correct, and this sub-section of this statute must be and is hereby held to be unconstitutional and invalid.

Under the statute, possession alone of obscene material is not illegal. Banned by the statute is the transportation

knowingly into or within the state for the purpose of sale or distribution of obscene matter. To say that one transporting two copies of one obscene article, or a combined total of five obscene publications and articles, raises a presumption the publications are intended for sale or distribution, presents a constitutionally impermissible inference.

From Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969):

> "The upshot of Tot, Gainey, and Romano is, we think, that a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend."

Or, as *Leary* and other cases point out, and to put it in other language, is there a rational connection between the facts proved and the fact presumed?

On reason, and common knowledge and experience, it simply cannot be said with any degree of substantial assurance[1] that one transporting two copies of any obscene publication, or a combined total of five obscene publications or articles, is more likely than not to be transporting them for sale or distribution in violation of the statute. Undoubtedly, and as a matter of common knowledge, many persons possess more than one copy of the same publication, or travel with five or more copies of different books or magazines, with no intention of selling or distributing them.

The presumption on its face violates the due-process clause, and the privilege an accused enjoys against being compelled to testify in a criminal case found in the Fifth and Fourteenth Amendments to the Constitution of the United States. For the reasons stated, sub-section (2) of F.S. Sec. 847.06, F.S.A., is unconstitutional and void.

This sub-section, however, may be stricken, without interfering with the operation of the remainder of the statute, nor can it be said that the legislature of Florida would not have enacted this statute had it known this sub-section would be deleted. Apposite here is the reasoning of the Supreme Court of Florida, in State v. Reese, 222 So.2d 732 (1969), in striking from F.S. Sec. 847.-011, F.S.A., the word "immoral" as severable and leaving the rest of the statute intact. This is true, notwithstanding the fact that F.S. Sec. 847.06, F.S.A., when enacted, contained no severability clause. Cramp v. Board of Public Instruction of Orange Co., 137 So.2d 828 (Fla.1962). Sub-section (2) is severable; the rest of the statute is left intact.

 The rest of F.S. Sec. 847.06, F.S.A., consisting of sub-sections (1) and (3), does not fail to provide a reasonably ascertainable standard of guilt, and is not unconstitutional on its face, as contended by Plaintiffs. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); see also State v. Reese, supra.

True it is the standards delineated in *Roth,* as elaborated in subsequent cases, and pointed out in A Book Named "John Cleland's Memoirs" etc. v. Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 977, 16 L.Ed.2d 1 (1966),[2] are not set forth specifically in the challenged statute. The elements, however, need not be specifically included in the statute. They be-

---

1. In view of this finding, pretermitted, as unnecessary to answer, is the question whether the presumption to be valid must satisfy a beyond-reasonable-doubt test. See *Leary,* supra, and United States v. Adams, 293 F.Supp. 776 (S.D.N.Y.1968).

2. " * * * three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient inerest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value." The term "contemporary community standards" embodies a national, rather than purely local norm; Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964).

come a part of it by virtue of the Constitution of the United States, and the binding force and effect of decisions of the United States Supreme Court interpreting that constitution. The statute, if judicially interpreted and applied in light of *Memoirs* and these other decisions, is constitutional, and there is no reason to believe—indeed, every reason to believe otherwise—that the courts of Florida, in interpreting and applying it, will not follow those decisions.

In holding the statute need not delineate applicable standards of obscenity, this Court aligns itself with the holding of the three-judge court in the case of Entertainment Ventures, Inc. v. Brewer, 306 F.Supp. 802 (M.D.Ala.) [September 30, 1969], and other cases consolidated therein from Kentucky, Louisiana and Georgia. Like that court, on this point, this Court disagrees with the three-judge Texas court in Stein v. Batchelor, 300 F. Supp. 602 (N.D.Tex.1969), to the extent, if any, that decision may be interpreted as requiring the statute itself to include obscenity standards.

■■ It is well established now that publications or matter deemed to be obscene may not be seized for use in evidence, or used in evidence, in any criminal prosecution without there having been a prior adversary hearing on and judicial determination of the question of obscenity. Delta Book Distributors, Inc. v. Cronvich, 304 F.Supp. 662 (E.D. La., 1969) [dated July 14, 1969]; Metzger v. Pearcy, 393 F.2d 202 (7 Cir. 1968); Central Agency, Inc. v. Brown, 306 F.Supp. 502 (N.D.Ga.1969) [August 26, 1969]; Fontaine v. Dial, 303 F.Supp. 436 (W.D.Tex.1969) [August 5, 1969]; Tyrone, Inc. v. Wilkinson, 294 F.Supp. 1330 (E.D.Va.1969), aff'd 410 F.2d 639; Cambist Films, Inc. v. Tribell, 293 F.Supp. 407 (E.D.Ky.1968); Cambist Films, Inc. v. Illinois, 292 F.Supp. 185 (N.D.Ill.1968); United States v. Brown, 274 F.Supp. 561 (S.D.N.Y.1967); Entertainment Ventures, Inc. v. Brewer, supra. See also Marcus v. Search Warrants of Property, etc., 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961) and

A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964), not involving criminal cases, but the reasoning of which is applicable here. The publications here involved were seized from Morrison without a prior adversary hearing and judicial determination and must be returned to him.

■ But injunction against the use as evidence in any criminal proceeding of any of the publications seized, and other injunctive relief sought by Plaintiffs, is not indicated or warranted. The Defendants here proceeded in good-faith belief they were complying with the law; the evidence does not disclose, and there is no reason to believe, they will not comply with the law. That they mistakenly believed they had the right to proceed as they did does not, of course, standing alone, justify the injunctive relief sought by Plaintiffs.

In reaching this decision, this Court has not overlooked, and has considered, other arguments advanced by Defendants, such as that no justiciable controversy exists justifying declaratory relief and that this Court should in this case apply the abstention doctrine. In the abundance of recent cases in which various courts have grappled with obscenity problems, respectable authority may be found holding for, as well as against, all these contentions of Defendants. Suffice it to say this Court, grappling with the obscenity problems here presented, has reached the conclusion it should render this opinion and enter this order.

For the reasons set forth herein, it is

Ordered and adjudged:

1. The preliminary injunction heretofore issued by this Court was properly issued, but need not be continued in all respects permanently. To the extent it enjoined the Defendants from disposing of the property seized from Plaintiffs, except as directed by this order, it is continued and made permanent, and in all other respects is dissolved.

2. Except to the extent the preliminary injunction is made permanent, and

in all other respects, injunctive relief sought by Plaintiffs is denied.

3. The Defendants shall immediately return to the Plaintiff Morrison the matters seized from him and involved in this proceeding.

4. Jurisdiction is retained on the issuance of such other and further orders as may be necessary and proper.

5. Costs will be taxed by the Clerk against the Defendants.