William J. CARROLL, and Carroll Amusements, Inc., a Florida corporation, Plaintiffs,

v.

CITY OF ORLANDO, a Municipal corporation, and Carl T. Langford, Bill C. Ankney, J. Douglas Barnes, Donald L. Crenshaw, and W. M. Sanderlin, City Commissioners; and Robert Chewning, Chief of Police of the City of Orlando,[1] Defendants.

Civ. No. 69–255–Orl.

United States District Court,
M. D. Florida,
Orlando Division.

Feb. 18, 1970.

Robert G. Petree, Bornstein, Petree & Gluckman, Orlando, Fla., for plaintiff.

Egerton K. van den Berg, van den Berg, Gay, Burke & Dyer, Tom Capelle (Police Dept.), Joseph X. DuMond, Jr., Orlando, Fla., for defendants.

C. Andrew Coomes, Orlando, Fla., for City of Orlando and Robert J. Chewning.

Before SIMPSON, Circuit Judge, and McRAE, and YOUNG, District Judges.

SIMPSON, Circuit Judge:

This action arises from the seizure of a single print of the motion picture film, "The Secret Sex Lives of Romeo and Juliet", and the arrest by police of the City of Orlando of the owner and operator of the theatre in which the film was exhibited. The basis of the seizure and arrest was the alleged obscenity of the film under the provisions of City Ordinance Sec. 43.56–1 of the City of Orlando and Florida Statutes, Sections 847.011 and 847.03, F.S.A. adopted *in haec verba* and *in toto* by the city ordinance. We do not reach the issue of obscenity.

Plaintiffs sought judgment declaring Sections 847.011 and 846.03 of the Florida Statutes, F.S.A. unconstitutional on their face; an order suppressing the seizure of the film, and its return; and temporary and permanent injunctions against further prosecution of the plaintiffs in the Municipal Court of the City of Orlando. A three-judge court has been convened pursuant to Title 28, U.S.C., Section 2284.[2] Motion for temporary restraining order was denied by Judge Young of this court. The parties have stipulated to all the relevant facts [see Appendix] and submitted the case for

---

1. The City's unopposed motion to dismiss the suit as to all individual defendants except Robert Chewning, Chief of Police, is granted.

2. This court has jurisdiction under several statutes including Title 28, U.S.C., Section 1343(3) and (4) and Title 42, U.S.C., Section 1983. The case is properly heard by a three-judge court. Title 28, U.S.C., Sec. 2281 et seq.

final decision under the facts as stipulated.

We must determine whether an arrest and seizure [3] made without a prior adversary judicial determination of the claimed obscene character of the seized film is constitutionally permissible.

The general proposition that a prior adversary judicial determination must be made before obscene material may be seized is settled by the weight of authority and is an essential safeguard to protect the evanescent guarantee of freedom of speech. Marcus v. Search Warrants of Property, 1961, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127; A Quantity of Copies of Books v. Kansas, 1964, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809; Bethview Amusement Corp. v. Cahn, 2 Cir. 1969, 416 F.2d 410; Tyrone, Inc. v. Wilkinson, 4 Cir. 1969, 410 F.2d 639, cert. denied 396 U.S. 985, 90 S.Ct. 478, 24 L.Ed.2d 449 (1969); Metzger v. Pearcy, 7 Cir. 1968, 393 F.2d 202; City News Center, Inc. v. Carson, M.D.Fla. 1969, 298 F.Supp. 706; Morrison v. Wilson, 307 F.Supp. 196 [N.D.Fla. Dec. 5, 1969] (three-judge court); May v. Harper, 306 F.Supp. 1222 [N.D.Fla. Nov. 28, 1969]; HMH Publishing Co. v. Oldham, 306 F.Supp. 495 [M.D.Fla. Oct. 15, 1969]; Entertainment Ventures, Inc. v. Brewer, M.D.Ala. Sept. 30, 1969, 306 F.Supp. 802; Masters v. Russell, 308 F.Supp. 306 [M.D.Fla. Sept. 1969]; Gable v. Jenkins, 309 F.Supp. 998 [N.D. Ga. Oct. 1969] (three-judge court); Carter v. Gautier, 305 F.Supp. 1098 [M.D.Ga. September 15, 1969] (three-judge court); Mandell v. Carson, 309 F.Supp. 326 [M.D.Fla. Oct. 8, 1969]; Central Agency, Inc. v. Brown, 306 F. Supp. 502 [N.D.Ga. Aug. 26, 1969]; Delta Book Distributors, Inc. v. Cronvich, E.D.La.1969, 304 F.Supp. 662 (three-judge court); Sokolic v. Ryan, S.D.Ga.1969, 304 F.Supp. 213; Fontaine v. Dial, W.D.Tex.1969, 303 F.Supp. 436;

Grove Press, Inc. v. City of Philadelphia, E.D.Pa.1969, 300 F.Supp. 281; Cambist Films, Inc. v. Tribell, E.D.Ky.1968, 293 F.Supp. 407; Cambist Films, Inc. v. Illinois, N.D.Ill. 1968, 292 F.Supp. 185; United States v. Brown, S.D.N.Y.1967, 274 F.Supp. 561; Felton v. City of Pensacola, Fla.App.1967, 200 So.2d 842, rev'd on other grounds, 1968, 390 U.S. 340, 88 S.Ct. 1098, 19 L.Ed.2d 1220; Contra, Milky Way Productions, Inc. v. Leary, S.D.N.Y.1969, 305 F.Supp. 288; Schackman v. Arnebergh, C.D.Calif. 1966, 258 F.Supp. 983; Pinkus v. Arnebergh, C.D.Calif.1966, 258 F.Supp. 966.

The real question posed is whether law enforcement officers may for the purpose of obtaining evidence for use in a criminal prosecution seize a single print of film (as opposed to cases involving mass seizure of books, e. g. A Quantity of Books v. Kansas, supra) without having an adversary judicial hearing prior to the seizure. On this issue, the authorities are split. Compare *Bethview Amusement*, supra; [4] Tyrone v. Wilkinson, supra; Metzger v. Pearcy, supra; Carter v. Gautier, supra; Delta Book Distributors, Inc. v. Cronvich, supra; with United States v. Wild, 2 Cir. 1969, 422 F.2d 34 [October 29, 1969]; Bazzell v. Gibbens, E.D.La.1969, 306 F.Supp. 1057; United States v. Appell, D.C.Md.1968, 259 F.Supp. 156; Rage Books, Inc. v. Leary, S.D.N.Y.1969, 301 F.Supp. 546 (appeal pending). We adopt the reasoning expressed in *Bethview*, supra, 416 F.2d at 412:

"Appellants argue that there is a difference between the seizure of a large number of books and the seizure of a single print of a motion picture film. We do not agree that the difference is legally significant. We are told that the Bethview Theater has 300 seats. Assuming half of them to be occupied for four showings of a film

---

3. Although the matter is unclear from the stipulation [see Appendix], we were informed on oral argument that the arrest and search warrants were issued simultaneously.

4. *Bethview* was decided on October 9, 1969. On October 29, 1969, another Second Circuit panel reached a seemingly opposite result in United States v. Wild, supra, without reference to *Bethview*.

each day for a week, over 4000 individuals would see the film. Preventing so large a group in the community from access to a film is no different, in the light of first amendment rights, from preventing a similarly large number of books from being circulated.

"We are supported in our view that the rule of the *Kansas* case is equally applicable to seizure of films by the recent decisions of sister circuits in Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968) and Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969). In *Metzger* the court said at p. 204:

'This analysis [of the Supreme Court cases] requires this court to hold unconstitutional the seizure of the film "I, a Woman" since there must be an adversary hearing on the issue of obscenity before a movie can be constitutionally seized.'

"The appellants contend that a print of the motion picture is needed for purposes of prosecution. There are a number of ways in which this can be accomplished without seizure of the film. The court can direct that a print be made reasonably available to the prosecution; a subpoena duces tecum can be used.

"Finally it is suggested that unless the police or other local authorities have actual possession of the film pending the required adversary proceeding, the distributor may take advantage of the delay, for example, by shipping the film out of the jurisdiction or by cutting out the offending scenes. If there is a real threat of such activity it can be controlled by an ex parte restraining order."

■ We hold therefore that the seizure and arrest were unlawful because there was no prior judicially superintended adversary determination of the obscenity of the moving picture film in question. The seizure of the film must be suppressed and the film accordingly returned to the plaintiffs.

■ Plaintiffs seek to enjoin the defendant from proceeding with prosecutions against them, as well as from enforcing Section 847.03 of the Florida Statutes, F.S.A. with respect to "The Secret Sex Lives of Romeo and Juliet" in the future. We decline to grant such permanent injunctive relief against future prosecutions.

In view of our holding that the arrest and seizure are invalid for want of a prior adversary judicial determination of obscenity, which holding requires suppression of the seizure and return of the film, this prosecution, for practical purposes, is terminated. We have no reason to question that the defendant will, in good faith, abide by our requirement of a prior adversary hearing as to pending or future prosecutions or future arrests and seizures. If our holding is complied with, no injunctions are necessary. We retain jurisdiction for the purposes of hereafter entering any orders necessary to enforce the views expressed herein. Delta Book Distributors, Inc. v. Cronvich, supra.

We decline to pass on the constitutionality of Florida Statutes, Sections 847.011 and 847.03, F.S.A. The same challenges are raised in another case, Meyer v. Austin, M.D.Fla. No. 69–678–Civ-J., argued before this same panel on the same day as the present case. They do not need to be reached to dispose of this case. However, we do grant a temporary injunction against further proceedings, if any, arising at issue here, pending this panel's decision in Meyer v. Austin, supra.

Judgment will be entered in accordance with this opinion.

### JUDGMENT

For reasons assigned in Judge Simpson's opinion for the majority of this court filed herein this day (Judge Young dissenting by separate opinion), it is ordered:

1. That all individual defendants other than Robert Chewning, Chief of Police of the City of

Orlando, be dismissed from this suit;

2. That the motion picture film, "The Secret Sex Lives of Romeo and Juliet", seized from the plaintiffs on October 29, 1969, by Sgt. Van-Scoyoc of the Orlando Police Department, be returned, instanter, to the plaintiffs by the defendant Chewning, upon taking proper receipt therefor;

3. That use of said motion picture film is suppressed as evidence in any pending or future prosecutions based upon the seizure here involved;

4. That the preliminary and permanent injunctions prayed for are denied;

5. That the declaratory judgments prayed for are denied;

6. That defendant, his agents, employees or attorneys; are hereby temporarily restrained from seizing prints of the movie film, "The Secret Sex Lives of Romeo and Juliet", in the custody of plaintiffs, or from engaging in any conduct related to prosecution for exhibition on or before October 30, 1969, until this court has ruled in Meyer v. Austin, No. 69–678–Civ-J (M.D.Fla.) (three-judge court); and

7. That jurisdiction is retained herein for the issuance of such further orders as may be necessary and proper.

GEORGE C. YOUNG, District Judge (dissenting).

The majority opinion recognizes that the real question posed in this case is whether law enforcement officers may for the purpose of obtaining evidence for use in a criminal prosecution, seize a single print of film (as opposed to cases involving mass seizure of books) without having an adversary judicial hearing prior to the seizure. The majority opinion also recognizes that on this issue the authorities are split. The majority adopted the reasoning of Bethview Amusement Corp. v. Cahn, 2 Cir. 1969, 416 F.2d 410, which held that an adversary hearing on the issue of obscenity must be had before a movie film can be constitutionally seized.

However, in United States v. Wild, 2nd Cir., 422 F.2d 34 (Oct. 29, 1969), the Second Circuit speaking through its Chief Judge Lumbard, in an opinion rendered subsequent to *Bethview, supra,* had this to say:

"In conjunction with the specific claim that the items seized should have been suppressed, appellants present a broader argument that seizures in an obscenity case without a prior adversary hearing on the issue of obscenity are unconstitutional under Quantity of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964), and Marcus v. Search Warrants, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961). These cases are inapposite since they involved massive seizures of books under state statutes which authorized warrants for the seizure of obscene materials as a first step in civil proceedings seeking their destruction. The seizures in this case were of instrumentalities and evidence of the crime for which appellants were indicted and lawfully arrested. We do not believe Marcus and Quantity of Books can be read to proscribe the application of the ordinary methods of initiating criminal prosecution to obscenity cases."

A study of this entire subject causes me to believe that the *Wild* decision, *supra,* is the more reasonable and should be the one followed by this Court. If we did so, the prayer for the return of the film and its suppression as evidence would be denied.

But even if the reasoning of *Bethview* be adopted, the theater should make available a copy of the film for the purpose of the criminal prosecution which should be permitted to proceed. That was the procedure adopted in Ty-

rone, Inc. v. Wilkinson, 4th Cir. 1969, 410 F.2d 639, which is a case relied upon by the majority opinion in its adoption of the *Bethview* reasoning. In *Tyrone, supra,* it was held by the Fourth Circuit that the film must be returned to the theater because it had been seized without a prior adversary hearing but that the criminal prosecution could continue and the theater would have to make available a copy of the seized film for the preparation and trial of the criminal case. If such procedure were followed here, the city prosecution could continue instead of being terminated as required by the majority opinion.

For the foregoing reasons I respectfully dissent.

## APPENDIX

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WILLIAM J. CARROLL, and
CARROLL AMUSEMENTS, INC.,
a Florida corporation,

Plaintiffs,

vs.

No. 69–255 Orl. Civ.

CITY OF ORLANDO, a Municipal corporation, et al.,

Defendants.

## STIPULATION

Come now the Plaintiffs and Defendants, by and through their undersigned counsel, and stipulate that the following facts and documents may be received in evidence in the above-styled cause for all purposes relevant and material to all matters before the Three-Judge Panel sitting in this case.

1. That WILLIAM J. CARROLL is a resident of Orange County, Florida, and President of CARROLL AMUSEMENTS, INC., a Florida corporation; that Plaintiffs operate the Vogue Theater, having a seating capacity of 625 persons, in Orlando, Florida, showing numerous films of various interest to the general public.

2. That ROBERT CHEWNING is the Chief of Police of Orlando, Florida, and the other named Defendants are the individual elected members of the City Council of said City.

3. That on or about the 30th day of October, 1969, a police officer of the City of Orlando, Florida, delivered his affidavit, a proposed arrest warrant and search warrant to the Judge of the Municipal Court of the City of Orlando at his private law office. After approximately five to ten minutes, during which said warrant and affidavits were read, said search and arrest warrants were then and there executed by said Judge and returned to said officer, thereby concluding the entire judicial proceedings in connection with the issuance of said warrants. A copy of said officer's affidavit in support of said warrants and search warrant are attached hereto as Exhibit "A". No prior adversary hearing on the question of the obscenity of the matter sought to be seized was ever held. Plaintiffs' film had been exhibited to approximately 3,009 persons in Plaintiffs' theater at the time it was seized.

4. That on or about 30 October 1969, police officers of the City of Orlando, Florida, confiscated Plaintiffs' film, as alleged in Paragraph 4 of the complaint herein, and refuse to return the same to Plaintiffs who have made demand therefor.

5. That the City of Orlando accomplished the aforesaid confiscation under the authority of Municipal Ordinance No. 43–56–1, of the City of Orlando, and F.S. 847.011, as alleged in paragraph 5 of Plaintiffs' complaint, copies of which ordinance and statute are attached hereto as Exhibit "B". The Petitioner, WILLIAM J. CARROLL, was arrested and taken into custody on or about the 30th day of October, 1969, pursuant to the warrant of arrest, which warrant for arrest is attached as Plaintiffs' Exhibit "C", and charged with violation of Chapter 847 of the Florida Statutes, all as particularly alleged in paragraph 6 of Plaintiffs' complaint.

6. That the Plaintiff, WILLIAM J. CARROLL, has sought and been denied, a writ of prohibition in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, seeking to restrain the Municipal Court of the City of Orlando from exercising jurisdiction in this matter on the grounds of its denial of the said WILLIAM J. CARROLL's constitutional rights under the First and Fourteenth Amendments of the United States Constitution and upon the ground of the denial of his Petition for trial by jury; that the Municipal Court of the City of Orlando has denied the Defendant, WILLIAM J. CARROLL's motion to quash the search warrant and suppress the evidence, to-wit: the rolls of film taken into custody pursuant to search warrant above described, notwithstanding the said WILLIAM J. CARROLL's assertion therein that said film was illegally seized by the Police Officers without regard to due process of law as guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that said seizure was carried out without any prior adversary hearing on the question of ob-

scenity, and other matters which are set forth in a copy of the motion to quash the warrant and suppress evidence, which is attached hereto as Exhibit "D"; Defendant's motion in the municipal court for the return of his property, to-wit, the motion picture film on the grounds the same was illegally confiscated, a copy of which is attached hereto as Exhibit "E", was denied by the Order of the Court dated December 9, 1969, a copy of which Order is attached hereto as Exhibit "F"; Defendant's motion for continuance of trial pending resolution of the federal constitutional issues before this federal panel, dated 26 November 1969, was also denied, a copy thereof is attached hereto as Plaintiff's Exhibit "G"; that the Plaintiff has accordingly exhausted all of his remedies in the Municipal Court in the City of Orlando in an effort to obtain suppression of the illegally seized evidence under doctrines of due process of law guaranteed to him by the Constitution of the United States, and all such efforts have been denied.

7. That on the 9th day of January, 1970, the Plaintiff, WILLIAM J. CARROLL, pleaded not guilty to the charges described hereinabove and prosecution of Plaintiff was commenced. The trial of said cause was recessed on 9 January 1970 prior to the closing of the Prosecution's case and pending reconvening of said trial court at some future date compatible with the Court's schedule.

8. That Plaintiff's film has not been placed in evidence in the Municipal Court and no conviction of Plaintiff has occurred.

9. That each of the parties hereinabove stipulate that the Exhibits attached to the stipulation may be taken and considered by the Court in evidence without further proof or production of originals or certified copies.

10. That the Plaintiffs and Defendants stipulate that other than the arrest described hereinabove, there have been no prior or subsequent arrests of the Plaintiff, and that Defendants have not

harassed the Plaintiffs, other than as hereinabove described.

Dated this 14th day of January, 1970, at Orlando, Florida.

ROBERT G. PETREE, of
BORNSTEIN, PETREE & GLUCKMAN,
125 S. Court Ave., Orlando, Florida, 32801

THOMAS A. CAPELLE,
16 S. Magnolia Ave., Orlando, Florida, 32801

ATTORNEY FOR DEFEND-ANTS