Richard **FONTAINE**

v.

Preston **DIAL and Billy Cunningham.**

Civ. A. No. SA69CA136.

United States District Court
W. D. Texas,
San Antonio Division.

Aug. 5, 1969.

Frierson Graves, Memphis, Tenn., Neill Boldrick, Jr., Frederick Shannon, Jr., San Antonio, Tex., for plaintiff.

Preston H. Dial, Jr., San Antonio, Tex., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for defendants.

## OPINION

Before THORNBERRY, Circuit Judge, SPEARS, Chief District Judge, and SUTTLE, District Judge.

SPEARS, Chief District Judge:

Plaintiff is the manager of the Joy Theatre which engages in the rental and exhibition of motion picture film in San Antonio. Defendants Dial and Cunningham are, respectively, an assistant district attorney of Bexar County, and an investigator in the district attorney's office.

On May 6, 1969, a search warrant directing the seizure of specifically named motion picture film, trailers, and posters from the premises of the Joy Theatre was executed by defendants, and the named items were seized for use as evidence in an anticipated criminal prosecution against plaintiff for the violation of Article 527 of the Vernon's Ann. Texas Penal Code [1], which prohibited the knowing exhibition of obscene motion picture film and pictures. The search warrant was issued upon the affidavit and other sworn testimony of defendant Dial describing the persons and events portrayed by the motion picture film, and thus not upon mere conclusory statements that the motion picture film was obscene. However, the warrant was issued by the magistrate without holding an adversary hearing on the issue of obscenity, and no such hearing was requested by defendants prior to the seizure [2].

---

[1]. Sections 1, 3 and 6 of Article 527 of Vernon's Annotated Texas Penal Code, before its amendment effective June 10, 1969, provided as follows:

Section 1. Whoever shall knowingly photograph, act in, pose for, model for, print, sell, offer for sale, give away, exhibit, televise, publish, or offer to publish, or have in his possession or under his control, or otherwise distribute, make, display, or exhibit any obscene book, magazine, story, pamphlet, paper, writing, card, advertisement, circular, print, pictures, photograph, motion picture film, image, case, slide, figure, instrument, statue, drawing, phonograph record, mechanical recording, or presentation, or other article which is obscene, shall be fined not more than One Thousand Dollars ($1,000) nor imprisoned more than one (1) year in the county jail or both.

\* \* \* \* \*

Sec. 3. For purposes of this article the word "obscene" is defined as whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interests. Provided, further, for the purpose of this article, the term "contemporary community standards" shall in no case involve a territory or geographic area less than the State of Texas.

\* \* \* \* \*

Sec. 6. The district courts of this State and the judges thereof shall have full power, authority, and jurisdiction, upon application by any district or county attorney within their respective jurisdictions, to issue any and all proper restraining orders, temporary and permanent injunctions, and any other writs and processes appropriate to carry out and enforce the provisions of this Act.

Article 527 was a portion of the amendatory Act of 1955, as amended by the amendatory Act of 1957. Section 4 of the 1955 Act and section 3 of the 1957 Act were severability clauses providing that partial invalidity should not affect remaining portions of the Acts. See Texas Penal Code, Art. 527 (supp.1969) (historical note).

[2]. Similar search warrants were also executed and seizures were made from plaintiff on May 26 and June 5, 1969.

The pleadings, stipulations, proposed conclusions of law, and representations made by counsel at the pretrial conference, support the recitation in the pretrial order signed by counsel for all parties, and approved by the Court, that this case involves only one contested issue of law, that is, "whether or not the Constitution of the United States requires that an adversary hearing to determine the question of obscenity must be held prior to the seizure of allegedly obscene motion picture film, and the advertisements thereof". As a consequence, we will not consider other possible questions, or undertake to make a determination concerning the obscenity or nonobscenity of the film seized from plaintiff.

It is plaintiff's contention that because of the absence of a prior adversary hearing on the issue of obscenity, the seizure of the motion picture film and other items constitutes an unreasonable search and seizure in violation of the First, Fourth and Fourteenth Amendments. Defendants, on the other hand, contend that plaintiff was afforded adequate procedural safeguards, particularly since immediately after the seizure defendants requested an adversary hearing on the issue of obscenity, which, however, was postponed by the State judge, at plaintiff's request, until the conclusion of this litigation.

Since plaintiff seeks injunctive relief against the defendants as state officers, this Court has jurisdiction of the controversy under 28 U.S.C.A. § 2281. See Query v. United States, 316 U.S. 486, 490, 62 S.Ct. 1122, 86 L.Ed. 1616 (1942); and Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249 (1940).[2a]

The starting point with respect to plaintiff's contention that the failure to afford him a prior adversary hearing renders the seizure unconstitutional, is the Supreme Court case of Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964). There the seizure by the Kansas Attorney General, pursuant to a search warrant, of allegedly obscene books, was held to violate the Fourteenth Amendment. Four of the justices were of the opinion that the owners of the books were constitutionally entitled to an adversary hearing on the issue of obscenity prior to the seizure of the books, 378 U.S. at 210–211, 84 S.Ct. 1723, and two other justices concurred in the judgment without finding it necessary to consider the procedural questions. *Id.* at 213–214, 84 S.Ct. 1723. Although that case was concerned with the seizure of *books* for subsequent destruction after a finding of obscenity, the rationale of the four justices has been held by other courts to apply with equal force to the seizure of motion picture film for subsequent use as evidence in criminal obscenity prosecutions. Tyrone, Inc. v. James B. Wilkinson, 410 F.2d 639 (4th Cir. 1969), affirming 294 F.Supp. 1330 (E.D.Va. 1969); Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968); Cambist Films, Inc. v. State of Illinois, 292 F.Supp. 185 (N.D. Ill.1968); Cambist Films, Inc. v. Tribell, 293 F.Supp. 407 (E.D.Ky.1968); Sayles v. Graham, No. 69–81–Phx., (D.Ariz. 1969). In view of the foregoing authorities, this Court holds that the procedures followed by defendants in obtaining the search warrant, and in seizing the motion picture film after merely an *ex parte* judicial determination of probable cause, were constitutionally deficient.[3]

---

**2a.** Compare Rodriguez v. Brown, 737 F. Supp. 300 (W.D.Tex.1969), in which a three-judge court, citing Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed. 2d 512 (1962), held the case a one-judge, not a three-judge matter, on the ground that the claim of unconstitutionality was obviously without merit and insubstantial.

**3.** In the recent case of Stein v. Batchelor, 300 F.Supp. 602 (N.D.Tex.1969), it was stated that the absence of a provision for a prior adversary hearing in Section 6 did not invalidate the statute, but since the Court's comments resulted from a contention made by *amicus curiae*, it is not clear whether that issue was actual-

The states are constitutionally required to use sensitive procedural tools for separating protected expression from that narrowly defined class of expression called obscenity, which is not protected by the First Amendment. See Speiser v. Randall, 357 U.S. 513, 525, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958). The seizure of film after no more than an *ex parte* determination of probable cause is essentially a prior restraint of expression— especially inimicable to the First Amendment—and clearly lacks the sensitivity required by the Constitution. In fact, any procedure less sensitive than an adversary hearing on the issue of obscenity prior to seizure of the film, fails to meet the constitutional requirements implicit in the First, Fourth, and Fourteenth Amendments.

While it is not for this Court to determine what procedure the State of Texas might find most useful in effectuating its public policy against the distribution or display of obscene motion picture film, it is not improper to suggest that there are a number of possible procedures which might be effectively utilized. For example, Texas law now provides for the issuance of injunctions after adversary hearings to prevent violations of the State's obscenity statute[4]. In facilitating the enforcement of criminal sanctions, the State might choose either to enact special procedures[5] or to adopt well-known and established procedures[6]

---

ly in the case or not. The Court did hold, however, without question, that Section 1 of the statute "as a whole is overbroad in that it fails to confine its application to a context of public or commercial dissemination" of obscene materials, and that Section 3 is unconstitutional because the definition of the word *obscene* fails to include the words "utterly without redeeming social value". In view of the fact that the instant case is limited to the question of the necessity for a prior adversary hearing before a seizure of allegedly obscene motion picture film is made, we do not reach the issue with respect to the constitutionality of Sections 1 and 3.

4. Art. 527 § 13, Texas Penal Code (Tex. Laws 1969, ch. 468, § 1, at 1550–1551), which provides for the seizure of film only after an adversary determination that it was obscene and that its display should be enjoined. Compare Kingsley Books, Inc. v. Brown, 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 (1957).

5. In addition to the possible use of the newly enacted procedures for enjoining violations of the obscenity statutes referred to infra in footnote 7(c), Section 13, see Tyrone v. Wilkinson, 294 F.Supp. 1330, 1332–1333 (E.D.Va.1969), aff'd 410 F.2d 639 (4th Cir. 1969), where it was suggested that the State of Virginia might utilize its statute providing procedures for obtaining a judicial determination that a particular book or motion picture film was obscene. The Virginia statutory procedure was originally enacted for the purpose of easing the state's burden of proving scienter in a criminal obscenity case involving an alleged violation subsequent to the determination that the film or book was obscene, see 4 Code of Va. § 18.1–236.3 and § 18.1–236.4 (1950); but the court indicated that it might be a procedure useful in affording an adversary hearing prior to seizure of allegedly obscene motion picture film.

6. In State ex rel. Londerholm v. A Quantity of Copies of Books, 197 Kan. 306, 416 P.2d 703 (1966), reversed on other grounds, 388 U.S. 452, 87 S.Ct. 2104, 18 L.Ed.2d 1314 (1967), it was indicated that after the Supreme Court decision in Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723 (1964), the State of Kansas found useful the device of a court order directed to the owners of allegedly obscene books to show cause why a warrant for seizure of the books should not issue.

Section 6 of Article 527 (and Section 13 of Article 527 as amended on June 10, 1969), granting state district judges authority to issue any "writs and processes appropriate to carry out and enforce the provisions of [Article 527]", apparently presents additional possibilities for court orders to prohibit the film on display from being altered or removed from the court's jurisdiction pending the holding of an adversary hearing; and/or to require the delivery of a print of the film to the district attorney for use in the trials or

that would insure the safeguard of an adversary hearing prior to seizure of allegedly obscene film.

The procedures defendants used in seizing the motion picture film, trailers, and display posters as evidence for future criminal prosecutions against plaintiff under Article 527, are hereby declared unconstitutional, and defendants are ordered to return the seized materials to plaintiff. In addition, defendants are prohibited from utilizing the provisions of Section 6 of said statute, unless a prior adversary hearing is afforded the party against whom "any * * * writs and processes", including, but not limited to, search warrants, "appropriate to carry out and enforce * * * this Act", are sought [7].

preparation for trials of criminal cases involving such film; and/or to entertain contempt proceedings against those failing to comply with such orders. See Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968).

7. (a) The Texas statutes relating to search warrants are found in Article 18.01 et seq. of Vernon's Annotated Texas Code of Criminal Procedure. Although they provide, among other things, that the warrant shall be executed "without delay" and "forthwith" returned to the magistrate (Art. 18.14), who "shall proceed to try the questions arising upon the same, and shall take testimony as in other examinations before him" (Art. 18.25), there is no provision in any of those statutes for a *prior* adversary hearing in any kind of case.

(b) As in Tyrone v. Wilkinson, supra, footnote 5, our holding does not imply that the adversary hearing "must be a fully matured action at law. * * * But in whatever form, the procedure must be 'designed to focus searchingly on the question of obscenity'", the Court having quoted from Marcus v. Search Warrants, 367 U.S. 717, 732, 81 S.Ct. 1708, 1716, 6 L.Ed.2d 1127 (1961).

See also: Freedman v. Maryland, 380 U.S. 51, 60, 85 S.Ct. 734, 13 L.Ed.2d 649.

(c) It is significant to note that, effective June 10, 1969, Article 527 was revised by the Texas Legislature to provide in Section 9 guidelines for seizure, when necessary and practical, of allegedly obscene matter; and it establishes in Section 13 a procedure whereby restraining orders or injunctions may be issued to prevent a person from violating the statute. The pertinent parts of Article 527, as revised, are as follows:

Section 1. Definitions. As used in this Article:

(a) "Obscene" material means material (a) the dominant theme of which, taken as a whole, appeals to a prurient interest; (b) which is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) which is utterly without redeeming social value.

* * * * *

Section 3. General sale or distribution, etc., of obscene matter: penalty.

Every person who knowingly: sends or causes to be sent, or brings or causes to be brought, into this state for sale or distribution, or in this state prepares for distribution, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor.

* * * * *

Section 9. Seizure of obscene matter authorized. Where possible and practical, obscene matter upon which prosecutions are based under the provisions of this article, should be obtained by peace officers or prosecuting attorneys without resorting to seizure of such matter pursuant to a search warrant. Where seizure of alleged obscene matter is necessary and practical, a search warrant to search for and seize such matter is expressly authorized. Moreover, no peace officer shall seize any obscene matter from the possession of any person except under the authority of a search warrant issued under the provisions of the Code of Criminal Procedure of Texas. Where practical, the matter alleged to be obscene shall be attached to the complaint to afford the issuing magistrate the opportunity to examine such materials to assist him in deciding whether the warrant shall is-

Inasmuch as defendants have represented in open Court that they will abide by any final decision reached herein, it is not deemed necessary at this time to grant injunctive relief to the plaintiff. However, in the event this judgment is not complied with in good faith, this Court will entertain a further request for such relief.

There having been no allegation of bad faith on the part of defendants in such seizures, this Court will not interfere in any manner with any criminal prosecutions that might be based upon plaintiff's having displayed the seized film.

It is so ordered.

sue. Where the alleged obscene matter is not available to present to the magistrate, the affiant or affiants to the complaint shall describe the alleged obscene materials in detail so as to assist the magistrate in deciding whether the warrant should issue. Moreover, where alleged obscene matter is not attached to the complaint, as in the case of motion pictures or statues, the magistrate to whom the complaint is presented shall, where practical, personally view the matter alleged to be obscene before issuing the warrant. Where a search warrant is issued under the provisions of this section, only that matter described in the complaint shall be seized by the executing peace officer or officers. Nothing contained in this section shall prevent the obtaining of alleged obscene matter under injunction proceedings as authorized by this Act or by any other statute of the State of Texas.

\*   \*   \*   \*   \*

Section 13. Enforcement by injunction, etc. The district courts of this state and the judges thereof shall have full power, authority, and jurisdiction, upon application by any district or county attorney within their respective jurisdictions, or the attorney general to issue any and all proper restraining orders, temporary and permanent injunctions, and any other writs and processes appropriate to carry out and enforce the provisions of this article.

Such restraining orders or injunctions may issue to prevent any person from violating any of the provisions of this article. However, no restraining order or injunction shall issue except upon notice to the person sought to be enjoined. Such person shall be entitled to a trial of the issues within one day after joinder of issue and a decision shall be rendered by the court within two days of the conclusion of the trial. In the event that a final order or judgment of injunction be entered against the person sought to be enjoined, such final order or judgment shall contain a provision directing the person to surrender to the sheriff of the county in which the action was brought any obscene matter in his possession and such sheriff shall be directed to seize and destroy such matter.

However, Section 9 of the revised Act still does not require a *prior* adversary hearing before the issuance of a search warrant in any kind of case. Even though the revised Act is not directly before this Court, it does appear that defendants should consider that the prohibition against utilizing the provisions of Section 6 of the prior statute, "unless a prior adversary hearing is afforded the party against whom 'any \* \* \* writs and processes', including but not limited to, search warrants, 'appropriate to carry out and enforce \* \* \* this Act', are sought", would apply equally to Section 9 of the revised Act.