**STAR–SATELLITE, INC., Plaintiff,**

v.

**Louis ROSETTI et al., Defendants.**

**Civ. A. No. 3883.**

United States District Court,
S. D. Mississippi, S. D.

Feb. 27, 1970.

Supplemental Opinion April 9, 1970.

Frederick L. Donahower and Billy F. Brown, Biloxi, Miss., for plaintiff.

Lyle Page and Ronald Peresich, Biloxi, Miss., for defendants.

## OPINION OF THE COURT

DAN M. RUSSELL, JR., District Judge.

This matter is before the Court on plaintiff's motion for preliminary and permanent injunction, and on defendants' motion to stay in view of the pendency of state court criminal proceedings. By virtue of the pleadings on file, including the complaint, motion to stay, and answer of the defendants, and two hearings, held successively on February 2 and 18, 1970, during which there were offered stipulations of facts, oral and written, exhibits, briefs and oral arguments, the Court has treated the defendants' motion as one to dismiss. At the first hearing, noticed on plaintiff's motion for a temporary restraining order, which was withdrawn, there was introduced a written stipulation of facts and a transcript of the record of a hearing and ruling thereon by Judge Walter L. Nixon, Jr., in a prior suit on the docket of this Court, Civil Action No. 3726, involving substantially the same parties, and which suit gave rise to the present action. At the second hearing plaintiff urged its motion for injunctive relief and defendants their motion to stay. Jurisdiction of the Court is invoked under 28 U.S.C.A. § 1343, and 42 U.S.C.A. § 1983.

The facts as stipulated show that plaintiff, a Mississippi corporation, operates a news store in Biloxi, Mississippi. On January 7, 1970, police officials of the City of Biloxi lawfully purchased five specifically identified magazines and one eight-millimeter film from this news stand. It should be injected here that in April 1969, as shown in the complaint, police officers of Biloxi seized a number of plaintiff's publications, and arrested plaintiff's employees for alleged obscenity and displaying and selling such publications to the public. This was done without a judicial determination of whether or not the publications were obscene and without a search warrant or warrant of arrest, as the result of which plaintiff filed the aforesaid suit, Civil Action No. 3726, alleging violations of First, Fifth and Fourteenth Amendments. As shown by the transcript of that case, on file herein, Judge Nixon granted relief to those plaintiffs, holding that there cannot be a search and seizure of materials of this type without a valid search warrant, and there cannot be a valid search warrant without the prerequisite of a judicially superintended adversary hearing. Pursuant to

this decision, and continuing with the stipulated facts, following the purchase by the police officers on January 7, 1970, of the aforesaid magazines and movie film, the City of Biloxi, through its Chief of Police, filed a complaint in its municipal court seeking an adjudication that the magazines and movie were obscene. Notice of a hearing was mailed to plaintiff on January 10, 1970, and hearings were held in Municipal Court on January 22 and February 2, 1970. An attorney for plaintiff was present pursuant to the notice. According to his affidavit, the Municipal Court received the alleged obscene materials into evidence without testimony. This attorney also filed a motion to dismiss on the grounds that the Municipal Court has no jurisdiction over the adversary procedure. At the second hearing herein, he orally stipulated that the motion was overruled. Attached to the written stipulation herein are copies of the complaint filed in the Municipal Court, a copy of the notice mailed to plaintiff, and a copy of that court's order, dated February 2, 1970, finding that said magazines were legally obscene, all being on file herein.

On the same day the magazines and movie film were purchased by the police officers, to-wit, January 7, 1970, these same officers and other city officials, according to the stipulation, observed eight coin operated movie machines in plaintiff's establishment, seven of which were operational. They inserted the required coins, viewed the movies exhibited therein, determined in their opinion that the movies were obscene, arrested the employee and manager of the newsstand and seized the seven machines and films therein.[1]

The parties, following the initial hearing herein on February 9, 1970, have agreed that plaintiff will remove from its stand all questionable magazines and movies. Defendants, in turn, have agreed to withhold pending prosecution and future arrests and criminal procedures, pending a decision from this Court.

Although plaintiff has withdrawn its request for a temporary restraining order against defendants, it does seek a preliminary and permanent injunction restraining defendants from arresting plaintiff's employees or seizing plaintiff's movie machines and films for alleged criminal violation of the Mississippi obscenity laws, Sections 2286 and 2288 of the Mississippi Code of 1942, in the absence of an adversary hearing; requiring the return of all materials taken from the newsstand on January 7, 1970; restraining defendants from conducting an adversary judicial hearing on the alleged obscenity of plaintiff's publications in the absence of statutory procedures;[2] and a jury trial for damages.

Defendants, in behalf of their motion to stay, urge that the adversary judicial proceeding conducted in and by the Municipal Court of Biloxi met all constitutional requirements as ruled necessary by Judge Nixon's order in Cause No. 3726 and other federal cases similarly ruling; that the city should be permitted to proceed with its state court criminal remedies without the interference of this Court, and that by virtue of the rulings in McGrew et al. v. City of Jackson et al., 307 F.Supp. 754, and Hosey et al. v. City of Jackson et al., 309 F.Supp. 527, recently decided by three-judge courts sitting in the Jackson Division of this Court, an adversary proceeding as to movies is not required, and no injunction should issue. Both of these cases found Section 2286 of the Mississippi Code of 1942, which applies to movies, constitutional on its face, no injunctive relief was given, and the complaints were dismissed.

In response, plaintiff in the oral argument at the hearings and by brief renewed its contention that the alleged ad-

---

1. The record is not clear, but it is assumed these machines and films are still in the possession of the defendants.

2. The complaint was filed before the municipal judge issued his order.

versary hearing in the Municipal Court was without statutory authority, that the seizure of the movie machines and films therein and arrest of the employee-manager were illegal in the absence of a proper judicial hearing, and that plaintiff has suffered and will continue to suffer irreparable damage should this Court refuse relief. At the same time plaintiff admitted at the second hearing that the complaint alleging bad faith against the defendants was filed prior to the knowledge of the decisions in the McGrew and Hosey cases.

At the outset, the Court points out that the constitutionality of the pertinent Mississippi statutes is not in issue herein, nor is the question of whether the magazines and movies are obscene. The Court has not viewed either. The sole issues are whether the municipal court adjudication of the obscenity of the magazines met the required constitutional safeguards before the institution of criminal action, and whether the movie machines and films, like books, magazines and photographs, are subject to a judicial hearing in order that their seizure and the arrest of the accused may be legal.

 As to the first issue, Marcus v. Search Warrants of Property, 367 U. S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127, and A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809, have established that judicial hearings to determine the obscenity of printed material are required prior to criminal proceedings. Recent cases include Sokolic v. Ryan, D.C., 304 F.Supp. 213; Delta Book Distributors, Inc. v. Cronvich, D.C., 304 F.Supp. 662; Gregory v. DiFlorio, D.C., 298 F.Supp. 1360; and Bee See Books, Inc. v. Leary, D.C., 291 F.Supp. 622. Also the federal cases are in unanimity that the *procedures* used in the judicial hearings must meet constitutional standards. The cases are not in unanimity as to the character of these procedures, the courts begin quick to point out the faults in the procedures used, and loath to suggest what is adequate. On the facts before this Court,

I find no merit to plaintiff's objections that the hearing held in the Biloxi Municipal Court was not adequate in every way. There was no unlawful seizure of the offending material used as the basis of the city complaint. The magazines were purchased by police officers. A complaint was duly filed, notice of the hearing was given and received by plaintiff. Plaintiff's attorney appeared and had every opportunity to resist the charges of obscenity. A written order was rendered by the judge finding the material obscene in the words of the statute. The municipal court system in Mississippi is authorized by statute, Section 3374–103 of the Mississippi Code of 1942, and annotations thereunder. Also see Stein v. Batchelor, D.C., 300 F.Supp. 602, wherein a three-judge court held that an obscenity statute is not invalid because it lacks provisions for an adversary hearing.

As to whether a constitutionally adequate hearing is necessary with respect to movies, the Court is aware of a number of cases holding in the affirmative, such as Bethview Amusement Corp. v. Cahn, 2 Cir., 416 F.2d 410; Fontaine v. Dial, D.C., 303 F.Supp. 436, 437; Tyrone, Inc. v. Wilkinson, 4 Cir., 410 F.2d 639; Cambist Films, Inc. v. Illinois, D. C., 292 F.Supp. 185; and Metzger v. Pearcy, 7 Cir., 393 F.2d 202. Although the opinions in many of these cases find the movies obscene and decry their "hard core" pornography, they are silent as to adequate protective procedures. Some, such as cases footnoted in Fontaine suggest a show cause order. Others suggest the issuance of a subpoena duces tecum. In my opinion the procedure used by the City of Biloxi was adequate with respect to the printed material, but only may have been so with respect to the movie machines and film under the holdings of the McGrew and Hosey cases had the Municipal Court ruled on said machines and film. But that Court did not, confining its order to the obscenity of the magazines only.

On the meager, mechanical description of the movie machines and type of film

used therein, most of which was developed in the oral argument and not presented as evidence, a serious doubt has been raised in the Court's mind as to whether or not these machines and film are factually akin to the ordinary theater movies exempt from a prior judicial hearing as held in the Hosey and McGrew cases. For this reason, the. Court is of the opinion and finds that they should be returned to plaintiff in the absence of a prior determination, which could still be held and aided by the use of a subpoena duces tecum or show cause order.

The Court finds under the facts of this case and the effect of the McGrew and Hosey rulings, as construed by the defendants, they have not acted in bad faith. In fact the Court finds to the contrary, and will not issue an injunction. See Tyrone, Inc. v. Wilkinson, 4 Cir., 410 F.2d 639. The Court does direct the defendants to return the movie machines and film to the plaintiff.

On the basis of the above, the Court finds that the case should be dismissed, with costs assessed to plaintiff.

### SUPPLEMENTAL OPINION OF THE COURT

On February 27, 1970, this Court issued its opinion denying injunctive relief in the above styled cause and directing that the action be dismissed. As to one eight millimeter film, and seven coin-operated movie machines with film therein, for which the Court found no adversary judicial proceeding had been held to determine their obscenity or not, the Court directed defendants to return these items to plaintiff, but issued no restraining order on the grounds that defendants had not acted in bad faith in seizing them. The Court likewise pointed out the absence of evidence on which the Court could determine whether these machines and film were factually, in a mechanical sense, akin to the type of theater movies exempt from the requirements of a prior adversary hearing under the McGrew and Hosey cases. A judgment was entered on March 11, 1970, denying plaintiff's request for a preliminary and permanent injunction; directing defendants to return the seven movie machines, and dismissing the action as to all relief prayed for except plaintiff's demand for a jury trial as to damages.

Defendants thereafter filed a motion for a partial new trial, requesting the Court to receive additional evidence descriptive of the movie machines. This motion was granted at a hearing on March 16, 1970, and the parties have now submitted such evidence by stipulated facts.

This stipulation admits that the seven coin-operated movie machines and films are substantially similar to ordinary movie machines and reels used in movie theaters, and that the films may be removed, changed or altered at the will of the owner.

■ Upon the basis of these facts, and under the holdings of the Hosey and McGrew cases, this Court finds that the seizure of the movie films was not an illegal seizure, nor, as held in the earlier opinion in this cause, was the seizure of the film and machines done in bad faith. On the other hand, assuming that the machines operate alike in their mechanical make-up to the extent that all the films, if different in content, may be shown on one machine, the Court sees no necessity for defendants to retain all seven machines, or the duplicates of any of the films if there be such. Only one of each, as may be necessary for anticipated state court procedures, may be retained.

An order may be submitted setting aside the former judgment of March 11, 1970, with the new order denying injunctive relief and dismissing the action at costs to the plaintiff, and further providing that defendants report to the Court the immediate return of all movie machines and films save those necessary for evidence, the report to specify what items are retained.