Maurice **BRAHA**, Herman **Sallock**, Roger Chavez, and Aztec Theater, Inc.

v.

The **STATE OF TEXAS**, Ted Butler and Preston H. Dial, Jr.

Civ. A. No. SA70CA451.

United States District Court,
W. D. Texas,
San Antonio Division.

Dec. 16, 1970.

Joel H. Pullen, San Antonio, Tex., for plaintiffs.

Charles Albidress, San Antonio, Tex., for defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

SPEARS, Chief Judge.

This case is before the Court on a motion for temporary restraining order enjoining the defendants from interfering with the exhibition of a motion picture without giving plaintiffs adequate notice and time to prepare for a proper adversary hearing as required by law.

Plaintiffs are engaged in the public exhibition of commercial motion pictures in Bexar County, Texas, and defendants are, respectively, the State of Texas, the Criminal District Attorney of Bexar County, and the Judge of the 175th District Court of Bexar County.

The motion picture "The ABC's of Marriage" was licensed for exhibition at the Aztec Theater in San Antonio, beginning December 10, 1970. At noon on December 11, 1970, the individual plaintiffs herein were served with a petition for temporary injunction, permanent injunction, and order for destruction. A show cause hearing was set by the state judge for 4:00 P.M. on December 11, 1970, in order to determine whether the said motion picture film was obscene, why the film should not be seized, and why the individual plaintiffs should not be temporarily enjoined from possessing or distributing the film.

At the appointed hour for the hearing, counsel for plaintiffs urged a motion for continuance for from five to ten days, asserting that he had not had adequate time to prepare for the hearing, since he had not been employed until the plaintiffs were served; that he had not personally seen the film; and that his prior professional commitments would preclude him from giving attention to the matter for several days; whereupon, the Court stated that he would grant the motion for continuance only on the condition that the movie in question would not be shown pending the hearing. This con-

dition was unacceptable to the plaintiffs so the hearing commenced, and a Sergeant in the San Antonio Police Department, assigned to the Vice Bureau, testified at length concerning his viewing of the film on December 10, 1970. At the conclusion of this testimony, counsel for the plaintiffs requested the right to postpone cross examination until he had had an opportunity to see the movie, to which the Court responded that the request would be granted and the film could be retained by the plaintiffs, provided it was understood that pending completion of the hearing the movie would not be shown publicly. Counsel refused to agree to that procedure, and declined to cross examine the witness, or to offer any proof. As a consequence, the Court instructed him to inform his clients that the movie was not to be shown pending further orders.

■■■ In Fontaine v. Dial, 303 F. Supp. 436 (W.D.Tex.1969), a three-judge court, in an opinion written by the undersigned, held that the failure to afford the manager of a motion picture theater an adversary hearing on the issue of obscenity prior to the seizure of allegedly obscene motion picture film rendered the seizure unconstitutional. As set forth in footnote 7(b), however, that holding did not imply that the adversary hearing "must be a fully matured action at law", but that "in whatever form, the procedure must be designed to focus searchingly on the question of obscenity". See Tyrone, Inc. v. Wilkinson, 294 F.Supp. 1330, 1332–1333 (E.D.Va.1969), aff'd 410 F.2d 639 (4th Cir. 1969), which quoted from Marcus v. Search Warrants, etc., 367 U.S. 717, 732, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961). While plaintiffs here had a constitutional right to an adversary hearing prior to a seizure of the film, they certainly had no constitutional right to show an obscene movie in public, and they should not be allowed to use their right to such a hearing as a vehicle to unduly delay the procedure designed to focus searchingly on the question of obscenity. When plaintiffs made the decision to exhibit a movie of

the highly questionable nature here involved, they should have been prepared to defend it on short notice against any claim of obscenity; otherwise, law enforcement could be completely frustrated by any delay that would allow the unrestrained showing of a film later found to be obscene. It follows, therefore, that while film cannot be seized from the owner without according him an adversary hearing, time is very much of the essence in matters of this kind, and law enforcement should not be hampered by any unreasonable, unnecessary or unwarranted delay which would render the hearing moot to whatever extent the film will have been exhibited to the public during the period of any such delay.

The state judge, on the basis of the evidence before him, obviously felt that there was probable cause to believe that the film was obscene, and this Court agrees with that conclusion. Under the circumstances, the notice to plaintiffs in this case was adequate, and a delay of the hearing for from five to ten days, in the absence of an agreement not to continue public exhibition of this film during that period, would have been unwarranted. Accordingly, the motion for a temporary restraining order is denied.