**W. C. SIMS et al.**

v.

**Preston H. DIAL, Jr., et al.**

**Civ. A. No. SA72CA290.**

United States District Court,
W. D. Texas,
San Antonio Division.

Sept. 26, 1972.

As Amended Nov. 3, 1972.

2. See Bryers v. State, 480 S.W.2d 712, 715 nn. 3 & 4, (Tex.Cr.App.1972), for a survey of recent, conflicting decisions.

Michael Anthony Maness, Houston, Tex., for plaintiffs.

Ted Butler, Crim. Dist. Atty., Bexar County, Tex., Charles Albidress, Jr., Asst. Crim. Dist. Atty., Bexar County, Tex., for defendants.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

SPEARS, Chief Judge.

This case is before the Court on plaintiffs' motion for preliminary injunction, requesting that defendants be enjoined from proceeding further with prosecutions against them for alleged violations of Article 527 Vernon's Ann.P.C. (Supp.1972), arising from the seizure of certain motion picture films, and ordering the return of the films and projection equipment, which was seized at the same time.

Plaintiffs are operators and employees of The Studio Theatre and The Central Cinema Theatre, two "adult" motion picture theaters in San Antonio, Texas. Defendants are the Judge of the 175th Judicial District Court of Bexar County, Texas, the District Attorney of Bexar County, Texas, two Assistant District Attorneys of Bexar County, Texas, the Chief of Police of San Antonio, Texas, and various named officers of the San Antonio Police Department.

In their complaint, plaintiffs allege that the prosecutions against them are being undertaken in bad faith, without hope of obtaining valid convictions, and for the sole purpose of harassment and intimidation. Plaintiffs do not challenge the constitutionality of Article 527, but, rather, complain only of the acts of the defendants in prosecuting them under its provisions. In addition to monetary damages, plaintiffs pray (1) that defendants be enjoined from proceeding with any prosecutions against them which have arisen from the seizure of motion picture films from the theaters which they operate or in which they are employed; (2) that defendants be ordered to return any motion picture films and any motion picture projection equipment which was seized from their theaters; and (3) that the Court declare the defendants acted in violation of plaintiffs' constitutional rights in seizing the motion picture films and projection equipment.

The essence of plaintiffs' complaint is that on August 24, 1972, officers of the San Antonio Police Department, acting pursuant to search warrants which had been issued on the same day by defendant Dial, seized several motion picture films and various items of motion picture projection equipment from The Studio and The Central Cinema theaters, and, at the same time, arrested the plaintiffs.

A hearing was held before the Court in the matter of plaintiffs' motion for preliminary injunction and in the matter

of a similar motion filed in a companion case, Southland Theatres, Inc. v. Butler, 350 F.Supp. 743 (W.D.Tex.1972). Based upon the evidence presented at that hearing and upon stipulations agreed to by the parties, the Court makes the following findings of fact:

1. On August 22, 1972, officers of the San Antonio Police Department, acting in response to various complaints lodged with the police department by private citizens, went to various "adult" theaters in San Antonio, and, after paying the normal admission price, viewed the films which were being exhibited.

2. On August 23, 1972, Officers Hoff and Lemons of the San Antonio Police Department each made affidavits before defendant Dial to the effect that they had been, respectively, to the Studio Theatre and the Central Cinema Theatre on August 22, 1972, and while in the theaters had observed obscene motion picture films being exhibited in violation of Article 527 of the Texas Penal Code. Each affidavit was accompanied by an "Exhibit A" which was incorporated by reference, and which described the contents of the films in great detail. Similar affidavits were made by other officers concerning other theaters, many of which are the subject matter of the *Southland Theatres* case, supra.

3. On August 23, 1972, John L. Quinlan, an Assistant District Attorney of Bexar County, Texas (not a defendant in this cause) filed several "Motions for Adversary Hearings" in the 175th Judicial District Court of Bexar County, Texas. Two of these motions contained affidavits by Officers Hoff and Lemons, respectively, to the effect that obscene motion pictures had been exhibited on the day before at the Studio and Central Cinema theaters. The motions further prayed that a hearing be held for the purpose of determining the existence of probable cause for the issuance of a search warrant. Similar motions were filed in regard to the motion pictures which were exhibited at the theaters in the *Southland Theatres* case.

4. Acting on said motions, defendant Dial issued notices on the morning of August 23, 1972, directing the persons in control of the various theaters, including the Studio Theatre and the Central Cinema Theatre, or any person claiming ownership of films named in the notice, to appear at a hearing to be held on August 24, 1972, and to present such evidence as they desired to show that the named films were not obscene. The notices also ordered that the films not be removed from the theaters pending the hearing, except for the purpose of bringing them to the hearing, if desired.

5. A hearing was held on August 24, 1972, in the courtroom of defendant Dial, on the issue of whether probable cause existed for the issuance of search warrants for the various films named in the affidavits filed on August 22, 1972. The hearing included the matter of the films which were viewed in the Studio and Central Cinema theaters, as well as films viewed in connection with the *Southland Theatres* case. At this hearing, counsel for the State indicated that the various officers who had made the affidavits were present in the courtroom, and were prepared to testify as to the identical matters set forth therein. The plaintiffs in both the instant case and the *Southland Theatres* case appeared by counsel, but they expressed no desire to cross-examine the officers, and declined to offer any evidence, taking the position that until the State offered evidence in the form of testimony, the burden of showing probable cause had not been met, and that

therefore they had no need to offer evidence. The Court stated, in the face of no evidence to the contrary, that he did not wish to question the officers, and that since the affidavits were sufficient, in and of themselves, to indicate probable cause, he would issue the warrants. The warrants as issued ordered the seizure of the films and the projection equipment used in exhibiting the films, and the arrest of the persons found in control of the premises.

6. The warrants were then executed on August 24, 1972, culminating in the seizure of the films and projection equipment and the arrest of the plaintiffs.

■ The Court is of the opinion that plaintiffs have shown neither that the prosecutions are being brought in bad faith and for purposes of harassment, or any other "extraordinary circumstances" sufficient to establish the requisite irreparable injury entitling them to equitable relief under the holdings of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971).

Plaintiffs, advancing a novel proposition of law, contend that the evidence establishes bad faith as a matter of law. In particular, they contend that Article 527 of the Texas Penal Code requires that before a search warrant may be issued for the seizure of obscene materials, an adversary hearing must be held and testimony must be offered by the State on the issue of obscenity. They contend that defendant Dial, by issuing the warrants solely on the basis of affidavits, acted in violation of Article 527,[1] and that this violation of the statute,

which is a legislative attempt to comply with constitutional mandates, establishes bad faith as a matter of law. Plaintiffs further contend that defendant Dial, by virtue of his having been a defendant in Fontaine v. Dial, 303 F.Supp. 436 (W. D.Tex.1969) (Three-Judge Court), a case in which it was held that seizures of obscene materials under the provisions of the prior version of Article 527 were constitutionally defective as no prior adversary hearing had been held on the issue of the obscene character of the material seized, had actual knowledge that an adversary hearing was required before the search warrants could be issued legally.

It appears to the Court that plaintiffs are, in reality, not complaining of the absence of an adversary hearing, but of the way in which it was conducted. They were present in the courtroom, and were offered the opportunity to present such evidence as they desired. They chose to offer none. It should be remembered that the issue before the Court is not the ultimate legality of the convictions which may ensue as a result of the seizures; nor is the Court concerned with whether under the provisions of Article 527, the magistrate is required to hear *testimony* on the issue of obscenity before issuing a search warrant. The sole issue is whether plaintiffs have shown bad faith and harassment on the part of the defendants, or other extraordinary circumstances sufficient to demonstrate the requisite irreparable injury which would entitle them to equitable relief.

■ To adopt plaintiffs' novel proposition of law, namely, that illegal action on the part of state officials establishes bad faith as a matter of law, would be to resurrect the legal theory that prose-

---

1. The relevant part of Article 527 is Section 9(f), which provides:

   (f) At the time of the hearing on the issuance of a search warrant, the magistrate shall hear evidence concerning the obscenity of the matter and shall examine the matter or any copy of the same if produced in court, and shall afford any person in possession of the matter sought to be seized or claiming ownership of the matter an opportunity to be heard as to the obscenity or nonobscenity of the matter. At the close of the hearing the magistrate shall make a determination as to the obscenity or nonobscenity of the matter and shall determine if probable cause exists for the immediate issuance of a search warrant for its seizure.

cutions brought under a statute, unconstitutional on its face, may be enjoined by a federal court, irrespective of the motives of those who are attempting to enforce it. This proposition was laid to rest by Younger v. Harris, supra. To hold that a good faith, but erroneous and unconstitutional application of a valid statute is sufficient to justify federal equitable relief would be to hold that a good faith application of an unconstitutional statute justifies federal equitable intervention. Under the holding in Younger v. Harris, unconstitutionality, in most instances, is not in itself sufficient to justify injunctive relief.

Actually, this Court is of the opinion that the hearing afforded the plaintiffs was sufficient. The law does not require that the hearing be a "fully matured action at law," but only that it "focus searchingly on the question of obscenity." See Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969). This, Judge Dial indicated a willingness to do, but plaintiffs refused to avail themselves of the opportunity. But even if the hearing did not meet the requirements of law, it is obvious that an attempt was made to comply, and under the circumstances this Court cannot find that defendants acted in bad faith, or for purposes of harassment. Likewise, it has not been demonstrated that plaintiffs have or will incur injury other than that normally attendant upon a criminal prosecution. See Younger v. Harris, supra.

■ Plaintiffs simply have not made the necessary showing to entitle them to injunctive relief. Whether Judge Dial improperly issued the warrants or not, he clearly acted pursuant to a good faith belief that the affidavits were sufficient. This Court's holding in Fontaine v. Dial, 303 F.Supp. 436, 440 n. 7 (W.D.Tex.1969) (Three-Judge Court), that the prior adversary hearing need not be a fully matured action at law, would certainly provide a basis for belief that affidavits, sufficient in themselves, justify the issuance of search warrants, especially when a full opportunity to cross-examine the affiants and submit evidence has been declined by the plaintiffs.[2]

■ An additional point raised by plaintiffs is that the search warrants authorized the seizure of motion picture equipment. They contend that Article 527 does not permit the seizure of such equipment until after conviction. Testimony adduced at the hearing before this Court, however, does not demonstrate that the warrants were issued in bad faith. Defendant Dial testified that it was his belief Article 527 was cumulative of other means of obtaining evidence which are provided by other statutes. [See Art. 527, § 9(j) (Supp. 1972)]. While it is not necessary for this Court to decide the validity of that belief, it appears that Articles 18.01 and 18.09, of the Texas Code of Criminal Procedure provide for the issuance of search warrants for the seizure of implements used in the commission of any designated offense. That being the case, it appears that there exists a basis for a good faith belief that search war-

2. It has long been held that evidence which would be inadmissible at a trial may nevertheless be admitted for the purpose of establishing probable cause to arrest or search. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Thus, not only affidavits, but affidavits *based upon hearsay* (unlike those in the instant case which were the firsthand observations of the affiants) may be sufficient to establish probable cause. Spinelli v. United States, supra, Aguilar v. Texas, supra, Jones v. United States, supra.

In addition, under Texas law relating to search warrants generally, a warrant may issue *only* upon affidavits, at least in ordinary cases. Stoddard v. State, 475 S.W.2d 744, 750 n. 2 (Tex.Cr.App.1972), Art. 18.01 V.A.C.C.P. (1965). While it is not the intention of this Court to decide the applicability of this Texas rule to Art. 527, V.A.P.C., the existence of this rule certainly provides a basis for a good faith belief that affidavits are sufficient in themselves.

rants may lawfully be issued for the seizure of implements used in the exhibition of obscene materials.

Since plaintiffs have not met their burden of showing either bad faith and harassment or other "extraordinary circumstances," their motion is hereby in all things denied.