Jim SHARP, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 46245.

Court of Criminal Appeals of Texas.

May 30, 1973.

Rehearing Denied June 27, 1973.

Mike Aranson and Tony Kaufman, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of exhibiting obscene matter. Punishment was assessed at 90 days in jail and a $1000.00 fine.

The record reflects that on August 24, 1970, a Dallas police officer entered the Paris Arts Theatre in Dallas. He purchased an admission ticket and a "membership" card for the sum of six dollars. He viewed the film being shown and made notes from which he prepared an affidavit.

On August 25, 1970, the officer, in company with an assistant district attorney, went to a district judge in Dallas and applied for a search warrant. The judge entered an order directing that the motion picture film at the Paris Arts Theatre be retained pending a hearing on a motion by the state requesting a search and seizure of the film. The sheriff was directed to go "to the exact location wherein the aforesaid obscene film is located and remain with this film until such time as the court may make a judicial determination of the obscenity thereof and prevent the secretion, moving or alteration" of the film from the premises. The order was entered at 3:25 P.M. and a hearing was set.

At approximately 5:20 P.M., on August 25, 1970, officers served the above notices, entered the theater and remained there with the film until the hearing was held on the same day at approximately 7:45 P.M. At the conclusion of the hearing the judge determined that probable cause existed for the issuance of the search warrant.

Appellant challenges the sufficiency of the evidence on the ground that the state offered no expert testimony that the film was obscene. He argues that the state's primary opinion witness, Forrest Smith (former member and present chairman of the Dallas Movie Classification Board) did not qualify as an expert.

■ The film, which the jury viewed and found to be obscene, is before us for review. It depicts nothing but a sequential representation of explicit sexual acts, primarily acts of sexual intercourse and oral sodomy between human beings of the same and different sexes. No ideas are presented nor is there an attempt to present ideas. The film shows nothing but isolated acts of sexual conduct and clearly demonstrates that its sole object is the commercial exploitation of the prurient interest of those persons who paid to view it. The film has no plot and no development of characters. In short, the film is hard core pornography, unfettered by any pretense of being anything else.

The burden on the state in such a case is to show (1) that the dominant theme of the material taken as a whole appeals to the prurient interest in sex; (2) that the material is patently offensive because it affronts contemporary community standards relating to the description or representations of sexual matters; and (3) that the material is utterly without redeeming social value. West v. State, Tex.Cr.App., 489 S. W.2d 597. See also A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966); Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498.

■ On the record before us, we need not decide whether witness Smith qualified as an expert witness because we hold that the introduction of the film into evidence, it being no less than hard core pornography, was sufficient to support the jury's finding that it was obscene with or without opinion evidence. West v. State, supra.

By his next grounds of error appellant contends the film was illegally seized. He argues the restraining order operated as a prior restraint of expression and contends the trial court erred in overruling his motion to suppress the film and in failing thereafter to submit the issue of the legali-

ty of the search to the jury in compliance with Article 38.23, Vernon's Ann.C.C.P.

■ As heretofore pointed out, (1) the trial judge entered an order to preserve the evidence, i.e. to prevent the film from being altered or destroyed; (2) the officer did not interfere with the operation of the movie theater until such time as the hearing was conducted; and (3) in the interim, appellant's dominion over the film was not impeded. The record reflects that the projectionist continued to show the film and there was no interference with the usual operation of the theater. We hold that the order was reasonable to preserve the evidence and did not operate as a prior restraint of expression.

■ Also, mindful of the fact that the question of obscenity *vel non* must await the trial on the merits and that in order to seize the film the state need only establish probable cause and need not prove obscenity beyond a reasonable doubt [e.g. West v. State, supra; Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969), cert. denied, 396 U.S. 985, 90 S.Ct. 477, 24 L.Ed.2d 449] we hold that the hearing held prior to the issuance of the warrant was sufficient to supply probable cause and that the seizure was not illegal.

■ Appellant's complaint that the trial court refused to submit the issue of the legality of the search to the jury is rejected. Article 38.23, V.A.C.C.P., does not require that a question of law regarding a search be submitted to the jury and where there is no disputed fact issue concerning the search, as there was none here, the Article does not apply. Jones v. State, Tex. Cr.App., 493 S.W.2d 933; Ainsworth v. State, Tex.Cr.App., 493 S.W.2d 517; Black

v. State, Tex.Cr.App., 491 S.W.2d 428; Davis v. State, Tex.Cr.App., 474 S.W.2d 466.

■ Appellant next contends that he was denied due process of law because he privately possessed the obscene material as opposed to publicly exhibiting it. He argues that, since a person must purchase a "membership" before he is allowed to view the film, the Paris Arts Theatre is a private club.

Our reading of the record leads us to conclude that the $1.00 "membership" charge was nothing more than an extra dollar for the purchase of a ticket. The exhibition of a motion picture in a theater at which admission is charged is more than mere private possession. Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542.

■ Appellant argues in his last ground of error that he was not afforded an adequate period of time to prepare for the prior adversary hearing.

The record reflects that he had only two and one quarter hours to prepare for the hearing. However, it also reflects that appellant made no request for additional time to prepare and made no motion for continuance. Moreover, as we pointed out in West v. State, supra, "since time is of the essence in these cases, both with regard to protecting the dissemination of protected communication and to prohibit the distribution of obscenity, exhibitors must be prepared to defend their films on short notice against a charge of obscenity." 489 S.W. 2d at page 602. See also, Braha v. Texas, 319 F.Supp. 1331 (W.D.Tex.1970).

No reversible error having been shown, the judgment is affirmed.